## Strauss v. Garvey

*Stanley V. Printz*, for plaintiff.
*Daniel M. Garrahan*, for defendant.

DIEFENDERFER, J., April 18, 1949.—Plaintiff and defendant entered into a written agreement to conduct a laboratory and novelty glassware business under the partnership name of S & G Thermometer Company. The partnership functioned from the date of the agreement, to wit, February 1, 1947, to January 9, 1948, during which time complainant advanced to defendant various sums of money not exceeding $75 per week and amounting to a total of $1,407, which amount complainant seeks to recover from defendant.

The written partnership agreement provided as follows: "C. M. Strauss agrees to advance Joseph V. Garvey up to but not exceeding $75.00 per week,

against the latter's share of the net profits of the business."

There were no profits arising from the continuance of the partnership, but on the contrary there was a total loss of $365.97. On January 9, 1948, the partnership was mutually dissolved. Complainant alleges that defendant received a total of $1,407 to which he was not entitled and by which he was unjustly enriched. He made demands upon defendant for the repayment of said sum, which demands have been refused.

The answer filed by defendant substantially admits the material allegations contained in the partnership agreement but denies liability for repayment of the sums advanced. On February 18, 1949, complainant filed a motion for judgment on the pleadings and the case is before us on motion for judgment.

The question involved is: Can one partner recover from another for advances made to him during the life of the partnership and which sums of money were to be charged against his share of the profits in the business?

Clearly, from the wording of the agreement, complainant, Strauss, advanced nothing to the partnership, but to defendant, Joseph V. Garvey, the sums of money not exceeding $75 per week as an advance against Garvey's share of the net profits of the business. There were no net profits in the business, therefore, the fund upon which Strauss relied to recover the sums so advanced is not in existence and, therefore, Strauss is unable to recover. Both parties contributed toward the maintenance of this partnership; both expected to reap profits. Complainant advanced money to defendant, who in turn provided his time, energy and skill, with also the expectation that the results therefrom would be sufficient to provide funds from

which complainant could recover his money so advanced.

If he had desired or intended to recover from defendant under any circumstances or in any event, then clearly it was not evidenced by the wording of the agreement. Complainant clearly intended to have the advances charged against net profits. No other method of repayment was stated. No other fund was designated and no promise made by defendant to repay such advances to the complainant by any construction of any phraseology in the agreement. Under the Uniform Partnership Act of March 26, 1915, P. L. 18, it specifically recognizes the liability to a partner for sums owing in respect of capital, profits and for items other than for capital and profits, but in all of these cases, the advances were sums of money given to the partnership and specifically earmarked as advances to the partnership.

Therefore we are not confronted with a problem of distribution of assets of a partnership. In the event this advance were construed as a partnership asset, plaintiff would have recourse to the Uniform Partnership Act for an accounting in accordance with the terms and provisions of the act.

We are considering here a simple claim for money advanced by one individual to another individual and the repayment of which was to be made out of future net profits of a partnership. There being no net profits, there can, therefore, be no recovery. In fact, throughout the entire negotiations there was no mention made and no provision cited for the repayment of this money by defendant to complainant except out of net profits. The court is, therefore, bound by the agreement of the parties themselves and, not having a fund designated as net profits, there is no basis for any recovery. The motion for judgment must therefore be discharged at the cost of complainant.